UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID A. COSTA,

        Plaintiff,

    v.

TRIBECA AUTOMOTIVE, INC., GLOVIS
AMERICA, INC., and
DARLING B. VERAS,

        Defendants.

**DECISION AND ORDER**

20-CV-234S

## I. INTRODUCTION

In this action, Plaintiff David Costa seeks damages for injuries he suffered when he was struck by a vehicle operated by Darling Veras, an employee of Tribeca Automotive, Inc. ("Tribeca"), on a lot subleased and operated by Defendant Glovis America, Inc. ("Glovis"). Glovis has moved to dismiss Costa's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Docket No. 23.) In his response, Costa has attached a proposed Second Amended Complaint, and has asked this Court to grant him leave to amend. (Docket No. 27.) For the following reasons, this Court will deem Costa's response a motion to amend, grant it, and deny Glovis's motion to dismiss as against Costa's Second Amended Complaint.

As an initial matter, despite the procedural irregularities,[1] this Court will construe

---

[1] As Glovis points out, Costa failed to file a notice of motion and motion as required by Local Rule 7. Nor, this Court notes, did he file a "redlined" proposed amended complaint as required by Local Rule 15. This Court is troubled by Costa's failure to follow the procedures set forth in this district's local rules. Nevertheless, it finds it to be expeditious and in the interest of judicial economy to resolve the instant motions in this manner. Costa is admonished, however, to comply with the local rules in all future filings.

Costa's response as a motion to amend. (Docket No. 10.) District courts have broad discretion to grant a party leave to amend its pleadings and the federal rules dictate that courts "freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). "As a general matter, amendments to the pleadings are favored in order to facilitate a resolution on the merits." Goldin Assocs., L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp., No. 00 CIV. 8688 (WHP), 2003 WL 22218643, at *13 (S.D.N.Y. Sept. 25, 2003) (citing Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp. 2d 565, 573 (S.D.N.Y.1999)).

Given the procedural posture of this case, this Court finds it most expeditious and in the interests of judicial economy to permit Costa to amend his complaint as proposed (Docket 27-7) and to assess Glovis's Motion to Dismiss as against that pleading. Costa will therefore be directed to file his proposed Second Amended Complaint (Docket No. 27-7) with the Clerk of Court as the operative pleading in this matter.

Glovis's Motion to Dismiss is resolved below.

## II. BACKGROUND

This Court assumes the truth of the following factual allegations contained in Costa's Second Amended Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

On May 21, 2019, Costa, a resident of West Seneca, New York, was inspecting his trailer in the Philadelphia Port Authority Auto Processing Facility in Philadelphia,

2

Pennsylvania. (Second Amended Complaint, Docket No. 27-7, ¶ 1.) As he walked along the side of his trailer, he was struck by a vehicle operated by Defendant Veras, who was an employee or agent of Defendant Tribeca. (Id., ¶ 12.) Veras is a resident of Florida, and Tribeca is a New Jersey corporation. (Id., ¶¶ 7, 3.) Glovis, a California corporation, subleased the lot where the incident occurred. (Id., ¶¶ 13, 5.) Glovis "was responsible for relevant maintenance, supervision and operation of the property and/or facilities." (Id., ¶ 13.) At the time of the incident, the lot where Costa was struck did not have "clear lane demarcations and traffic pattern lines …, did not have clearly demarked and/or established traffic flow patterns, did not have a requirement for or enforce any requirements that drivers at the facility use headlights or flashers when driving through the facility, and did not have safety or supervisory personnel patrolling or monitoring the lot." (Id., ¶ 21.)

As a result of the incident, Costa suffered injuries to his right ankle and foot, right knee, cervical spine, and lumbar spine. (Id., ¶ 9.) These injuries required arthroscopic knee surgery. (Id.) Costa also lost wages as a result of the incident.

## III. DISCUSSION

Costa alleges three causes of action against Defendants in his Second Amended Complaint. He alleges that the collision was caused by the negligence, wrongful conduct, and statutory violations of Tribeca Automotive, for whom Darling Veras was a permissive operator and employee or agent. (First Cause of Action). He alleges that Glovis is liable to him for negligently failing to safely maintain the premises for which it was responsible. (Second Cause of Action). Finally, he alleges that Darling Veras is liable to him for

3

negligently causing his injuries. (Third Cause of Action.)

Glovis moved to dismiss Costa's claim against it for failure to state a claim upon which relief can be under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. As discussed above, this Court deems Costa's response (Docket No. 27) a motion to amend, grants that motion, and now assesses Glovis's motion to dismiss as against Costa's Second Amended Complaint.

**A.     Failure to State a Claim**

Glovis argues that Costa has not alleged sufficient facts to state a negligence claim against it under a theory of either negligent supervision or premises liability.

**1.  Rule 12 (b)(6)**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id.; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context-specific and requires that the court draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

5

### 2. Supervisory Liability

Glovis first argues that Costa has not stated a claim for supervisory liability. In Costa's Second Amended Complaint, Costa alleges that Veras was the employee or agent of Glovis. (Docket No. 27-7, ¶ 20.) But in the attorney affirmation submitted with his response, Costa's attorney states that "the paragraphs alleging permissive operator liability concerning Glovis were included erroneously." (Docket No. 27 at p. 1.) The fact that this allegation remains in his proposed Second Amended Complaint appears also to be error, and this Court will not consider this claim further. (See Docket No. 27-2, ¶ 20.) Although this Court does so reluctantly, given Costa's inattention to proper procedures, it will direct Costa to correct this error in the proposed Second Amended Complaint before filing it.

### 3. Premises Liability

Glovis also argues that Costa has failed to state a claim for premises liability. The crux of Costa's claim against Glovis is that it failed to maintain, supervise, and safely operate the property where the incident occurred. (Id., ¶ 13.) Costa's complaint alleges that Glovis failed to implement such safety measures as demarcations of traffic flow patterns, a requirement to use headlights and flashers, and safety personnel patrolling the lot. (Id., ¶¶ 21-23.)

The briefing contains no discussion of what law applies to this incident, which occurred in Philadelphia between residents of two different states—one of whom was employed by a New Jersey company—on a lot subleased by a California company. Because Defendant cites to the New York law of negligence in arguing for dismissal (see Docket No. 28-1 at pp. 5-7), this Court will consider whether the SAC states a claim under

New York law.[2]

To state a claim for negligence under New York law, a plaintiff must allege (a) a duty, (b) breach of the duty, and (c) injury to the plaintiff as a result of that breach. Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981). An owner or one in control of property has a duty to maintain its property in a reasonably safe condition. Di Ponzio v. Riordan, 89 N.Y.2d 578, 582–83, 679 N.E.2d 616 (1997). One in control of a property, whether as an owner or lessee, is liable for hazards of which it is aware or which it has created. Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp. 2d 188, 192–94 (S.D.N.Y. 2004) (citing Uhlich v. Canada Dry Bottling Co., 758 N.Y.S.2d 650, 651–52, 305 A.D.2d 107 (App. Div. 2003); Taylor v. United States, 121 F.3d 86, 89–90 (2d Cir. 1997). Finding that the defendant created the dangerous condition requires "some affirmative act" on the part of the defendant. Fink v. Bd. of Educ. of City of N.Y.,498 N.Y.S.2d 440, 441, 117 A.D.2d 704, 705 (1986).

"[T]his duty may extend to controlling the conduct of third persons who frequent or use the property, at least under some circumstances." Di Ponzio, 89 N.Y.2d at 83. One

---

[2] Applying a choice-of-law analysis to the facts in this case yields the same result. A federal court exercising diversity jurisdiction must first apply the choice-of-law rules of the state in which that court sits to determine the rules of decision that would apply if the suit were brought in state court. Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 151–52 (2d Cir. 2013) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 494–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Second, after using state conflict-of-laws principles to ascertain the rules of decision that would apply in the state courts of the federal forum, federal courts apply those state rules of decision that are "substantive" under Erie, and are consistent with federal law. Id.
    Under New York's choice-of-law rules, "the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d at 152. Only if there is a conflict does the analysis proceed further.
    Here, this Court discerns no conflict between the New York and Pennsylvania laws of premises liability. Compare Jaume, 768 N.YS.2d at 304 with Truax v. Roulhac, 2015 PA Super 217, 126 A.3d 991, 998 (2015) (holding that parking-lot owner had a duty to exercise reasonable care to protect its business invitees from all harmful third-party conduct that it reasonably anticipated, that lower court erred in finding it unforeseeable per se that a vehicle operated by an intoxicated third party would encroach on the sidewalk, where plaintiff had presented evidence to the contrary, and that Pennsylvania law reserved the question of foreseeability to the jury).

7

in possession or control of property has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others. Jaume v. Ry Mgmt. Co, 769 N.Y.S.2d 303, 304, 2 A.D.3d 590, 591 (2003) (citing DeRyss v. N.Y. Cent. R.R. Co., 275 N.Y. 85, 9 N.E.2d 788; Murphy v. Turian House, 649 N.Y.S.2d 38, 232 A.D.2d 535; Johnson v. Slocum Realty Corp., 595 N.Y.S.2d 244, 191 A.D.2d 613; Mangione v. Dimino, 332 N.Y.S.2d 683, 39 A.D.2d 128)). But this duty arises only regarding foreseeable risks: "[t]he risk reasonably to be perceived defines the duty to be obeyed." Palsgraf v. Long Island R. Co., 248 N.Y. 339, 344, 162 N.E. 99 (1928).

A plaintiff must also show that a defendant has the ability and opportunity to control a third party's conduct, and an awareness of the need to do so. Jaume, 769 N.Y.S.2d at 304 (granting summary judgment to defendant realty company where it had failed to supervise the children throwing fallen pinecones on its property, one of which injured plaintiff's child's eye).

Glovis argues that Costa fails to allege that it had any duty to him to keep the facility safe or prevent his injuries. It is true that the Second Amended Complaint does not use the term "duty." It does, however, allege that Glovis was "responsible for" maintenance, supervision, and operation of the facility. (Docket No. 27-7, ¶ 13.) As noted, one in possession of a property has a duty to take reasonable measures to avoid foreseeable harms to a foreseeable victim. Here, the risk of collisions is foreseeable in a Port's "auto processing lot." (Docket No. 27-7, ¶ 1.) And one walking in such a lot would be a foreseeable victim. As the sublessee of a lot at the Philadelphia port where trucks loaded and unloaded vehicles, Glovis plausibly had a duty to maintain the lot so as to

avoid creating an unreasonable risk of harm to someone like Costa. Costa has thus adequately alleged that Glovis had a duty to reasonably maintain the facility it controlled.

Glovis also argues that Costa does not plead that it knew of the dangerous conditions on its property. But a plaintiff need not allege knowledge or constructive knowledge where he alleges that the defendant actually *caused* the dangerous condition. Fink v. Bd. of Educ. of City of N.Y., 117 A.D.2d 704, 705, 498 N.Y.S.2d 440 (1986) (holding that a plaintiff only need establish notice, constructive or otherwise, when it is not alleging that defendant created the dangerous situation). Here, Costa's claim does not relate to Glovis's knowledge of a hazard at the facility, but rather, to Glovis's creation of unsafe conditions by failing to implement lane demarcations, headlight and flasher rules, and supervision of the vehicles at the facility.

Glovis also argues that it had no duty to oversee Veras, who actually drove the vehicle that struck Costa. Costa agrees that Glovis has no supervisory liability for Veras's actions. But one in control of property has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property, to prevent them from creating an unreasonable risk of harm to others. Jaume, 2 A.D.3d at 591. Here, Costa has alleged that Glovis had a duty to take reasonable measures to control the foreseeable conduct of Veras, a third party. This Court therefore finds that Costa has sufficiently alleged a duty on Glovis's part.

By alleging that Glovis failed to take safety measures to prevent foreseeable accidents, Costa has alleged a breach of that duty. As to causation, while the Second Amended Complaint contains little factual material regarding how Veras's driving was caused by the lack of lane lines, a headlight or flasher requirement, or personnel in the

facility, this Court finds that the Second Amended Complaint sufficiently alleges that these measures may have prevented dangerous driving, that Veras was driving dangerously, and that Veras's dangerous driving caused Costa's injuries.

In sum, this Court finds that Costa has sufficiently alleged that Glovis had a duty to him, that it breached that duty, and that the breach caused his injuries. Costa's Second Amended Complaint thus states a claim against Glovis, and Glovis's motion to dismiss will therefore be denied.

## IV. CONCLUSION

For the reasons stated above, Costa's motion to amend is granted, and Glovis's motion to dismiss is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Costa's Motion to Amend (Docket No. 27) is GRANTED.

FURTHER, that Costa must file his corrected Second Amended Complaint (Docket No. 27-7 at pp. 1-7) within 14 days of the entry date of this decision.

FURTHER, that Glovis's Motion to Dismiss (Docket No. 23) is DENIED.

FURTHER, that Glovis must file an answer or otherwise respond to the Second Amended Complaint within 21 days of its filing.

SO ORDERED.

Dated: July 6, 2021
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge